Genevieve HAWK and Joanne Ozaki–Moore, Plaintiffs—Appellants,

v.

PROVIDENCE HOME SERVICES; Providence Hospice and Home Care of Snohomish County; Providence Home Health Supply; Providence Everett Medical Center; Defendant XYZ Corporation; Fontelle Jones and Robert Ogden, individually and in their representative capacities, Defendants—Appellees.

No. 02–35921.
D.C. No. CV–01–00838–BJR.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 4, 2003.*

Decided Dec. 9, 2003.

* This panel unanimously finds this case suitable for decision without oral argument.  Fed. R.App. P. 34(a)(2).

Shelley Kostrinsky, Law Offices of Judith A. Lonnquist, Seattle, WA, for Plaintiffs–Appellants.

Steven H. Winterbauer, Esq., Kenneth J. Diamond, Esq., Winterbauer & Diamond P.L.L.C., Seattle, WA, for Defendants–Appellees.

Before BRUNETTI, T.G. NELSON, and GRABER, Circuit Judges.

### MEMORANDUM **

In this employment discrimination case, Plaintiffs Genevieve Hawk and Joanne Ozaki–Moore appeal from the summary judgment in favor of Defendants. We affirm.

■ 1. Defendants' stated reason for terminating Plaintiffs' employment was a restructuring of the company occasioned by a financial crisis. The summary judgment record contains no evidence creating an issue of fact that this reason was a pretext. For example, the company had recently hired and promoted Plaintiffs knowing of their protected characteristics; the company was failing financially when the new executive director was brought in; he followed the same pattern of organizational change that he had used to turn other businesses around; at least one white male was terminated for the same reason as plaintiffs were; and the company showed a financial gain after the restructuring. For this reason, summary judgment was properly granted on Plaintiffs' claims based on their terminations.

■ 2. Plaintiffs did not apply for any of the remaining lower-paying positions. Therefore, there is no evidence that Defendants failed to choose them for these positions for a discriminatory (or any other) reason. Summary judgment was proper on this aspect of the discrimination claims as well.

■ 3. There is no evidence that Defendants terminated Plaintiffs in retaliation for their complaints about the former executive director. Other employees also complained about the same executive director, and Defendants' response was to force this director to resign. None of the other complaining employees was terminated, so there is no nexus shown between the complaint and the significantly later terminations during cost-cutting measures. Accordingly, summary judgment was proper on the claims for retaliation.

4. The claims for negligent misrepresentation are based on Jones' allegedly false promise that Plaintiffs' jobs would be protected. However, there is no evidence that Jones had authority to promise indefinite job security (as opposed to protection from retaliation) or that Plaintiffs could reasonably have relied on Jones' assurance of indefinite job security, had Jones in fact made one. Therefore, the district court properly granted summary judgment on these claims.

5. Plaintiffs failed to present medical evidence that their emotional distress was manifested by objective symptoms. This is required under Washington law. *Haubry v. Snow*, 106 Wash.App. 666, 31 P.3d 1186, 1193 (Wash.Ct.App.2001). Accordingly, summary judgment was proper on the claims for infliction of emotional distress.

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.